The Honorable Arnell Willis State Representative P.O. Box 356 Helena, AR 72342-0356
Dear Representative White:
You have requested an Attorney General opinion concerning a county treasurer's salary.
You indicate that the current Phillips County treasurer was elected in November, 1997 and took office in January, 1998. In December, 1997, the quorum court passed the 1998 budget, which set her salary at $28,008.00. The treasurer's salary has now been raised to $30,975. You further indicate that in the past, the treasurer, assessor, county clerk, and circuit clerk all were paid the same salaries. In November, 2000, a new assessor and sheriff were elected. They came into office in January, 2001, making the same amount of money as their predecessors. However, their salaries have now been raised to $33,075.00. Thus, contrary to past practice, the treasurer is now making a lower salary than some of her elected counterparts.
In light of this scenario, you have presented the following question:
Has the treasurer's salary been illegally reduced?
RESPONSE
It is my opinion that the treasurer's salary has not been illegally reduced.
You correctly note that under state law, the salaries of elected county officials cannot be reduced while they are in office. That prohibition is stated in Amendment 55 to the Arkansas Constitution, as follows:
 Compensation of each county officer shall be fixed by the Quorum Court within a minimum and maximum to be determined by law. Compensation may not be decreased during a current term[.]
Ark. Const., am. 55, § 5 (emphasis added).
The prohibition against decreasing elected county officials' salaries during their terms in office is also stated in A.C.A. § 14-14-1203, which provides:
 (d) DECREASES IN SALARY. Any decrease in the annual salary or compensation of a county officer shall not become effective until January 1 following a general election held after such decrease shall have been fixed by the quorum court of the county.
A.C.A. § 14-14-1203(d).
Given the facts as you have presented them to me, the county treasurer's salary has not been decreased in violation of the above-quoted provisions of state law. Rather, her salary simply has not been increased at the same rate as the salaries of certain other county officials. State law does not require parity in the salaries of the county officials whom you mentioned. The county may have previously followed a practice of paying these officials the same amount, but that practice is not mandated by state law.
The quorum court is authorized by Amendment 55 to set the salaries of county officers within a maximum and minimum that is provided by law. That maximum and minimum are set forth in A.C.A. § 14-14-1204. Although the ranges of permissible salaries for the treasurer, the assessor, the county clerk, and the circuit clerk are the same, the quorum court is given the authority and discretion to set the salaries at the level that it chooses within those ranges. The quorum court is not required to set the salaries of these officials at the same level within the ranges.
I must therefore conclude that the current Phillips County treasurer's salary has not been illegally reduced simply by virtue of the fact that it has not been increased to the same level as other officials' salaries.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh